Hinkson v. Williams.

---

### J. STROUD HINKSON v. FREDERICK G. WILLIAMS AND KATE B. WILLIAMS.

1. A count of a declaration in an action against a husband and wife, founded upon a Pennsylvania statute, which provides that in all cases where debts may be contracted for necessaries for the support of the family of any married woman, that it shall be lawful for the creditor, in such case, to institute suit against the husband and wife for such necessaries, and, after obtaining judgment, have an execution against the husband alone, and if no property of the husband is found, an *alias* execution may be issued, which may be satisfied out of the separate property of the wife, cannot be sustained, the said act imposing only a contingent and qualified liability upon the wife, and one which can only be enforced by the methods provided by the act itself, and which methods are unknown to our procedure.

2. Under the "married women's act," (*Rev.*, p. 636,) an action upon a contract can now be maintained against a wife and her husband upon the common counts alone.

On demurrer, &c.

The plaintiff declared on the common counts, and on a special count setting out that the defendants, at Philadelphia, to wit, at Camden, were indebted to the plaintiff in the sum of $500 for goods, &c., sold and delivered to the defendant Kate B. Williams, wife of the defendant Frederick G. Williams, at the special instance and request of the defendant Kate B. Williams, and averring that the said debt was contracted by the defendant Kate B. Williams, and was incurred for necessaries for the support of the family of the said defendants, and that, by reason thereof, and by force of the act of assembly of the State of Pennsylvania, approved April 11th, 1848, &c., in that behalf made and provided, the defendants became liable to pay, &c.

The defendants plead to the common counts—(1) the general issue; (2) that the defendant Kate B. Williams was at the time, &c., and still is the wife of the said Frederick, and demur to the last count.

The plaintiff also demurs to the second plea.

Argued at November Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the plaintiff, *C. A. Bergen.*

For the defendants, *T. H. Dudley.*

The opinion of the court was delivered by

WOODHULL, J. The question presented by the demurrer to the last count of the declaration is, whether an action can be maintained in this state against a husband and wife, for goods sold to the wife in the State of Pennsylvania, upon the wife's credit, the goods being, in fact, necessaries for their family.

It is clear, and is in effect admitted, that neither the common law nor the statute law of this state furnished any ground upon which such an action can stand.

If maintainable at all, therefore, it must be, as the declaration alleges, " by force of the act of assembly of the State of Pennsylvania, approved April 11th, 1848."

The part of the act referred to is the eighth section. *Pamph. L.* 536 ; *Purd. Dig.*, p. 1006, § 15. In a recent treatise on the law of married women in Pennsylvania, the effect of this section is stated to be that the wife " is made liable for debts contracted by herself for articles necessary for the support of the family of her husband and herself. For these debts, suit may be brought against husband and wife, but, after judgment, execution must first issue against the husband alone, and if no property of his be found, then an *alias* execution may be issued, levied, and satisfied out of the separate property of the wife secured to her," &c. *Husb. Law of Married Women,* § 43.

It is obvious that the effect of a judgment in the action would be merely that of a common law judgment against two defendants, to be carried into effect by execution against both, and that the wife's separate property might thus be made primarily liable for the entire debt. But such a result would, manifestly, be repugnant to the policy of the Pennsylvania act, which seeks to impose upon the wife only a qualified and contingent liability—a liability which can be enforced only by methods specially contrived for that purpose, and such as the act itself provides.

As these methods are unknown to our procedure, it follows that our tribunals are incapable of enforcing the provisions of the act referred to.

The demurrer to the last count is sustained.

The demurrer to the second plea raises the question whether an action can be maintained against a husband and wife merely on the common counts.

In *Eckert* v. *Reuter et ux.*, 4 *Vroom* 266, it was plainly intimated by the court, that in actions under the act of 1862, which provided for a suit at law against husband and wife in certain cases, the declaration should be special, and not on the common counts alone.

And in *Lewis* v. *Perkins et ux.*, 7 *Vroom* 133, it was held, on demurrer to the declaration, that in a suit founded on a contract of a married woman, her capability to contract must be shown in the declaration by a statement of the necessary facts. The Chief Justice, in delivering the opinion of the court in that case, referring to Eckert *v.* Reuter et ux., said: " The necessary consequence of this decision is that, in displaying a cause of action against a *feme covert*, in a court of law, it is necessary to show the circumstances which make her contract obligatory. Her general condition is one of incapacity to bind herself by her agreement. The particular facts, therefore, which remove such disability, must appear, in order to make out a legal cause of action."

These decisions are founded on the general incapacity of the wife to bind herself by contract, and unless her condition,

in this respect, has been essentially changed since they were made, the question under consideration is not now open to discussion in this court.

In point of fact, however, as the law stood when the cause of action in this case arose, the wife's capacity to bind herself by contract had been greatly enlarged.

The act approved March 27th, 1874, provides as follows: "That any married woman shall, after the passing of this act, have the right to bind herself by contract, in the same manner and to the same extent as though she were unmarried, and which contracts shall be legal and obligatory, and may be enforced, at law or in equity, by or against such married woman, in her own name, apart from her husband ; provided that nothing herein shall enable such married woman to become an accommodation endorser, guarantor, or surety; nor shall she be liable on any promise to pay the debt, or answer for the default or liability of any other person." *Rev., p.* 637, § 5.

Without doing violence to the very clear and emphatic language of this section, it can no longer be held that the general condition of the wife is one of incapacity to bind herself by contract.

Her capacity, which, before the act, was merely exceptional and restricted within very narrow limits, is now general and scarcely less extensive than that of the husband himself.

The reason, therefore, for holding that an action cannot be maintained against the wife with her husband, on the common counts, has ceased to exist.

The fact disclosed by the second plea, namely, that the defendant Kate B. Williams is a married woman, is no answer to the common counts, and the plaintiff's demurrer to that plea is sustained.